# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JAY FOLSE,**

   **Plaintiff,**

   **v.**                                         **CIVIL ACTION NO.: 25-cv-06501**

**GOVERNOR SPROUL ASSOCIATES,**
**a Pennsylvania Limited Partnership,**

   **Defendant.**

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Jay Folse, pro se, respectfully submits this Opposition to Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion for More Definite Statement pursuant to Rule 12(e).

## LEGAL STANDARD

### Rule 12(b)(6) Standard

On a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The standard for surviving a motion to dismiss for failure to state a claim was made more stringent with a plausibility standard set by *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544 (2007) and then *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly* at 548.

**Rule 12(e) Standard**

A motion for a more definite statement is appropriate when a pleading is so vague or ambiguous that the responding party cannot reasonably prepare an answer. See Fed. R. of Civ. P. 12(e). Motions for a more definite statement are generally disfavored, "in light of the liberal pleading standards under the Federal Rules of [Civil Procedure]." *Benhur v. Madavaram*, No. 15-6826, 2015 U.S. Dist. LEXIS 148265 (D.N.J. Nov. 2, 2015); *Goodman v. United Airlines*, Civil Action No. 15-6496, 2015 U.S. Dist. LEXIS 163614 (D.N.J. Dec. 7, 2015) at *1 (citations omitted) ("Motions for a more definite statement . . . are generally disfavored . . . ."). Motions for a more definite statement "should be limited to remedying unintelligible pleadings rather than addressing a lack of detail. In the context of Rule 12(e), an unintelligible pleading is one to which it is virtually impossible for the opposing party to craft a responsive pleading. *Id.* Accordingly, Rule 12(e) provides a remedy for unintelligible pleadings, "but does not serve as a mechanism

to correct a pleading merely lacking in detail." *Benhur v. Madavaram*, No. 15-6826, 2015 U.S. Dist. LEXIS 148265, 2015 WL 6739109, at *2 (D.N.J. Nov. 2, 2015). "It is not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (citations omitted). "The decision to grant a Rule 12(e) motion is 'a matter committed largely to the discretion of the district court.'" *Id.* (quoting *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003)).

**Pro Se Pleading Standard**

Courts must construe pro se complaints liberally and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A pro se complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," (internal citations and quotation marks omitted) *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**ARGUMENT**

Defendant's Motion to Dismiss and in the alternative, a Motion for a More Definite Statement should be denied in its entirety. Folse's allegations in the complaint are sufficient to state plausible claims for violations of the Fair Housing Act (FHA). The Complaint is not vague or ambiguous and there is no need for a more definite statement.

Defendant argues that Folse fails to state a claim as the Complaint "provides few supporting facts and evidence." (ECF 11 pg. 4). However, the facts and evidence which Defendant claims are necessary are either irrelevant to the claims or not necessary to state a plausible claim.

Additionally, counsel for Defendant never contacted Folse before filing the motion to dismiss in accordance with this Court's policies and procedures. As counsel never contacted Folse to discuss the matter, the motion to dismiss also does not contain the required certification on their motion that the parties met and conferred regarding the alleged pleading deficiencies. The motion should be denied accordingly.

1. **Folse adequately pleads violations of the Fair Housing Act (FHA).**

The elements that are required for a plaintiff to prove a violation of the FHA have not been clearly established by the US Supreme Court or the Third Circuit. However, other circuits have established those elements.  A plaintiff adequately

4

pleads violations of the FHA by alleging: 1) plaintiff suffers from a disability within the meaning of FHA; (2) the defendant knew or reasonably should have known of the disability; (3) the requested accommodation may be necessary to afford "an equal opportunity to use and enjoy the dwelling;" (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation. See *Overlook Mut. Homes, Inc. v. Spencer* 415 F. App'x 617, 621 (6th Cir. 2011), *Dubois v. Ass'n. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2005), *Astralis Condo. Ass'n v. Sec'y, United States Dep't of Hous. & Urban Dev.*, 620 F.3d 62 (1st Cir. 2010).

The Complaint contains facts that support each of these elements. Folse pleads (1) that he has Autism Spectrum Disorder and has received multiple diagnoses (See Compl. ¶5); (2) that he sent Defendant documentation, in the form of a letter from a medical profession, of said disability (See Compl. ¶13); (3) that said letter documented the need for the support animal (See Compl. ¶13); (4) that the accommodation he is seeking, to reside with his support animal which is a twenty pound Chiweenie dog is reasonable; and (5) that Defendant sent Folse an email that state the dog was not approved as a support animal (See Compl. ¶14). These facts, accepted as true and construed liberally as required for a pro se plaintiff, are more than sufficient to state plausible claims for relief under the FHA.

**a.     Defendant's arguments that the pleading is deficient have no merit.**

Defendant argues that the pleading is deficient for the following reasons: that "[t]he Complaint ... suffers from fundamental pleading deficiencies which warrant dismissal of the Complaint." (ECF 11-1 at pg. 1). Those alleged deficiencies are that "Counts I and II fail because Plaintiff has not alleged facts establishing he is a lawful tenant." (ECF 11-1 Pg. 2); that Folse "alleges no facts about the ESA documentation." (ECF 11-1 Pg. 5); that Folse's "allegations of discriminatory intent are purely speculative." (ECF 11-1 Pg. 5); and that "injunctive relief is a remedy, not an independent cause of action." (ECF 11-1 Pg. 6). Defendants go on to summarize their argument as

> *Plaintiff fails to allege that he was a party to any lease agreement, that he complied with any requirements for maintaining an assistance animal at the property, or that he provided documentation meeting any applicable standards. In sum, the Complaint is a compilation of bare legal conclusions and speculative assertions wholly devoid of the factual allegations necessary to state a plausible claim for relief under the Fair Housing Act, and it must be dismissed in its entirety.* (ECF 11-1 Pg. 6).

**b.     Defendant's argument about whether Folse is a tenant is a red herring.**

Defendant argues that Counts I and II fail because Folse does not allege facts which establish he is a "lawful tenant". Defendant states the Complaint does not attach a lease agreement or allege that Folse is a signatory to a lease. This argument fails for several reasons.

First, the premise of Defendant's argument that Folse cannot make any claims under the FHA unless he is a "lawful tenant" has no merit and is unsupported by any legal authority.  The FHA does not require a tenancy to establish protected status. The FHA broadly prohibits discrimination in the "rental of a dwelling." 42 U.S.C. § 3604(f)(1)-(2). Courts have recognized that the FHA's protections extend to all individuals residing in rental housing, regardless of whether they are named on a lease. See *Shellhammer v. Lewallen* 1 F.3d 1007, 1009-10 (10th Cir. 1993) (FHA protects household members and guests, not just named lessees).

Defendant's unsupported premise also represents a fundamental misunderstanding of Folse's claims and the FHA. Count II of the Complaint essentially alleges that Defendant refused to rent to him because he is a handicapped individual with a support animal. This is an allowable claim under the FHA. The FHA prohibits discrimination against "any person" in the terms and conditions of rental housing. 42 U.S.C. § 3604(f)(2). The implication of Defendant's false premise of the FHA, that only tenants are protected, would allow landlords to discriminate against prospective tenants on a protected status under the FHA

Additionally, the argument fails as Defendant interjects factual disputes on a motion to dismiss. Defendant plainly admits that "Plaintiff labels himself 'a tenant and resident' (Compl. ¶3)" (ECF 11-1 Pg. 5). That "label" is a fact which

7

should be taken as true and in the best light of the plaintiff at the motion to dismiss stage. Nevertheless, Defendant claims it is a "legal conclusion couched as a factual allegation that the Court need not accept as true". (internal citations and quotation marks omitted) (ECF 11-1 Pg. 5). Defendant also claims that Folse is an "unauthorized occupant". A factual dispute may exist as to whether Folse is a tenant. However, that is a far cry from a deficient pleading.

**c.    Defendant's argument over the ESA documentation is another red herring.**

Defendant argues that "Count I additionally fails because Plaintiff alleges no facts about the ESA documentation." (ECF 11-1 Pg. 5). Next, Defendant immediately contradicts itself, stating "Plaintiff alleges only that he submitted a 'letter from a medical professional documenting the need for Folse to reside with his support animal.'" And that's a fact!

There is no clear requirement under the plain language of the FHA that requires a tenant to provide documentation from a medical practitioner regarding the need for a support animal. However, guidance from HUD suggests that landlords can request documentation. "A housing provider may ask individuals who have disabilities that are not readily apparent or known to the provider to submit reliable documentation of a disability and their disability-related need for the assistance animal." "Information that the animal provides emotional support that alleviates one or more of the identified symptoms or effects

of an existing disability may be sought from a physician, psychiatrist, social worker, or other mental health professional." "Such documentation is sufficient if it establishes that an individual has a disability and that the animal in question will provide some type of disability-related assistance or emotional support." Notice FHEO-2013-01, at 3-4.

Defendant concedes that "Plaintiff alleges only that he submitted a 'letter from a medical professional documenting the need for Folse to reside with his support animal.'" Despite trying to frame this concession as an argument, it shows that Folse did sufficiently allege he complied with HUD guidance. Defendant calls this fact a "single conclusory sentence". It is not apparent how it is conclusory, as it is not a legal conclusion, but rather a straightforward fact. Defendant also points out that Folse "provides no information about what type of medical professional provided the letter, what the letter said, whether it established a disability-related need for this specific animal, or any other details about the accommodation request" and argues that "[w]ithout such factual allegations, the Complaint fails to plausibly allege that Plaintiff made a proper accommodation request or that Defendant's denial was unlawful." (ECF 11-1 Pg. 5). Defendant calls this a "threadbare recital". This is not a threadbare recital.

Defendant's argument demonstrates the lack of a basic understanding of what a threadbare recital is. Even if the ESA letter was somehow legally relevant, alleging details about the ESA letter is not necessary to make a plausible claim.

9

Nothing in the FHA requires plaintiffs to plead the specific contents of medical documentation in their complaints. Additionally, this issue would not be suitable to resolve this issue on a motion to dismiss. Courts routinely recognize that the sufficiency of accommodation requests is a factual question unsuitable for dismissal at the pleading stage. See *Bhogaita v. Altamonte Heights Condo. Ass'n*, 765 F.3d 1277, 1285 (11th Cir. 2014) (whether accommodation request was sufficient is fact-intensive inquiry). However, much of this argument is unnecessary, as it is not apparent why Folse would need to allege anything about the ESA letter at all to claim a violation of the FHA.

**d.    Count II does not fail and is not "purely speculative".**

Count II alleges discrimination under the FHA, which prohibits discrimination in the rental of a dwelling because of a disability. Defendant argues this count fails because "Plaintiff's allegation of discriminatory intent are purely speculative." (ECF 11-1 Pg. 5). Defendant argues that Folse's statement that "Defendant would otherwise have continued to allow Folse to reside in the dwelling unit if he was not a handicapped person with a support animal" is a "conclusory assertion [which] is unsupported by any factual allegations". However, this argument misses the totality of the circumstances.

Folse alleges that Defendant filed an eviction action against him listing "unauthorized occupant and pet" as the grounds, and that Defendant denied the support animal accommodation request. (Compl. ¶19). Folse alleges that

"Defendant would otherwise have continued to allow Folse to reside in the dwelling unit if he was not a handicapped person with a support animal" (Compl. ¶ 25). While Defendant characterizes this as conclusory, it is actually a reasonable inference from the factual allegations.

The temporal proximity and stated grounds for eviction support a plausible inference of discrimination. Defendant did not seek to evict Folse for being an "unauthorized occupant" when he moved in on July 15, 2025. The eviction was filed on November 13, 2025, soon after Folse submitted his ESA accommodation request and Defendant denied it. The eviction complaint explicitly cites both "unauthorized occupant and pet" as grounds, directly linking the eviction to Folse's disability related need for a support animal.

Courts regularly recognize that discriminatory intent can be inferred from the timing and circumstances of adverse actions. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Andersen v. City of Chester*, 217 F.3d 863 (3d Cir. 2000). Folse's allegations, taken as true, support a plausible inference that the eviction is pretextual and motivated by disability discrimination.

### e.   **Count III for injunctive relief should not fail but is being withdrawn.**

Defendant argues that Count III for injunctive relief should be dismissed as it is a remedy and not an independent cause of action. Folse does not concede this argument. However, Folse will voluntarily dismiss Count III for injunctive relief.

11

The reason is that Folse has recently filed for injunctive relief in state court after Defendant continued to harass him and his family.

## II. Defendant's Motion for a More Definite Statement Has No Merit.

Defendant's motion for a more definite statement should be denied because the Complaint provides sufficient notice of Plaintiff's claims to allow Defendant to prepare a responsive pleading. Rule 12(e) motions are "designed to strike at unintelligibility rather than simple lack of detail." *Sandler v. Arctic Glacier U.S.A., Inc.* 2013 U.S. Dist. LEXIS 61827, at 3-4 (E.D. Pa. May 1, 2013). The Complaint here is not unintelligible. It clearly alleges FHA violations based on Defendant's refusal to accommodate Folse's disability related need for an emotional support animal and subsequent eviction proceedings.

Defendant claims it needs to know specific details about Plaintiff's lease status, ESA documentation, and whether Princess has ever bitten anyone. But these are matters for discovery, not for a more definite statement. As courts have repeatedly held, Rule 12(e) "is not a substitute for discovery." *Travelers Indem. Co. v. Dammann & Co.* 594 F.3d 238 (3d Cir. 2010). The Complaint provides sufficient information to put Defendant on notice:

- Who: Jay Folse, a resident with Autism Spectrum Disorder;
- What: Defendant refused to accommodate his ESA and filed eviction proceedings;
- When: Residency began July 15, 2025; accommodation requested October 14, 2025; denied October 28, 2025; eviction filed November 13, 2025;

- Where: Governor Sproul Apartments, Broomall, PA; and
- Why: Discrimination based on disability under the FHA.

This is more than sufficient for Defendant to prepare an answer. Indeed, Defendant's Motion to Dismiss demonstrates that Defendant understands the claims well enough to mount a detailed defense.

Moreover, many of the "details" Defendant seeks are peculiarly within Defendant's own knowledge. Defendant knows whether there is a lease agreement, who signed it, and what its terms are. Defendant knows what ESA documentation it received and why it denied the accommodation request. Defendant knows whether it has any evidence that Princess bit someone. Defendant cannot use Rule 12(e) to force Folse to plead facts and provide documents that are within Defendant's control.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and, in the alternative, Motion for a More Definite Statement should be denied in their entirety.

*/s/ Jay Folse*

Jay Folse, Pro Se
311 S Pkwy Blvd.
Apt. 108F
Broomall, PA 19008
(540)-847-2213
Jayman1233@gmail.com

## CERTIFICATE OF SERVICE

       This is to certify that the foregoing document has been served on January 27, 2026 on opposing counsel, Hannah Schweizer and Douglas Maloney, by uploading it to the EDS causing it to be served through the CM/ECF system. Service was also accomplished by emailing the foregoing document to opposing counsel who have consented to receive service electronically.

*/s/ Jay Folse*

Jay Folse, Pro Se
311 S Pkwy Blvd.
Apt. 108F
Broomall, PA 19008
(540)-847-2213
Jayman1233@gmail.com

14