**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAY FOLSE,** | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 25-6501-KSM** |
| **GOVERNOR SPROUL ASSOCIATES, A PENNSYLVANIA LIMITED PARTNERSHIP,** | |
| Defendant. | |

<u>**MEMORANDUM**</u>

**Marston, J.**                                                                                              **June 24, 2026**

Pro se Plaintiff Jay Folse brings Fair Housing Act ("FHA") claims against his landlord,

Defendant Governor Sproul Associates ("GSA"), for GSA's refusal to allow him to reside with

his emotional support animal ("ESA").  (Doc. No. 1.)  GSA has moved to dismiss the Complaint

in its entirety.  (Doc. No. 11.)[1]  Folse opposes that motion (Doc. No. 17) and has moved the

Court to impose sanctions on GSA for filing the motion (Doc. No. 18).  For the reasons

discussed below, GSA's motion is granted in part and denied in part.  Folse's motion is denied.

## I.        BACKGROUND

Folse has been diagnosed with Autism Spectrum Disorder, and he lives with an ESA, a

Chihuahua and Dachshund mix named, "Princess."  (Doc. No. 1 at 2.)  Three months after Folse

moved into the apartment rented by GSA, GSA was told that Princess had bitten one of Folse's

neighbors, and GSA sent an email (it is unclear whether the email was addressed to Folse or to

---

[1] As Plaintiff notes, GSA did not meet and confer prior to filing its motion to dismiss.  The Court's Policies and Procedures require counsel to meet and confer about the bases for any motion to dismiss before the motion is filed.  Although this failure may justify denying the offending motion, the Court nevertheless considers GSA's arguments for dismissal here.  Defense counsel is directed to review the undersigned's Policies and Procedures in full.

someone else living in the apartment), claiming violations of the lease for the existence of an unauthorized occupant (Folse) and an unauthorized animal (Princess) in the apartment. (*Id.* at 3.) The email directed the recipient to "complete the registration process" for Princess using an online form. (*Id.*) Folse submitted the form with copies of a letter from his doctor documenting his need for a support animal. (*Id.*)

On October 28, 2025, GSA denied the animal application because Princess was not "approved as a/an ESA" and because Princess is an aggressive dog who had recently bitten someone. (*Id.*) That same day, GSA's counsel sent an email (again, it is unclear to whom) with a letter titled, "NOTICE TO CEASE/DEMAND FOR ANIMAL REMOVAL," which demanded Princess's removal from the property by November 3, 2025. (*Id.*) The letter also claimed Princess's presence was a "violation of [the] lease" that presented "an unacceptable health and safety hazard to other residents," and if she was not removed from the premises, GSA would consider eviction proceedings. (*Id.*) The letter ended by stating that "[i]f you wish to have an emotional support animal, you will need to find a different animal." (*Id.* at 3–4.)

On November 13, 2025, GSA filed an eviction action in Pennsylvania state court (it is unclear against whom), citing "unauthorized occupant and pet" as the basis. (*Id.*) Four days later, Folse filed this action against GSA, claiming GSA violated the FHA when it refused to allow him to reside in the apartment with Princess. (*Id.* at 4.) GSA now moves to dismiss his two claims under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, moves for a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. No. 11.) Folse opposes both motions (Doc. No. 17) and has moved for sanctions (Doc. No. 18). The Court addresses each motion in turn.

2

## II.    RULE 12(B)(6) MOTION

### A.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quotation marks omitted).  In reviewing a motion to dismiss, the court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from those allegations.  *Id.*  However, the court is not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quotation marks omitted).  And "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *accord Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011).

### B.    Discussion

Folse brings two claims against GSA, arguing that it violated the FHA when it denied his request to keep Princess as an ESA (Count I) and sought Folse's eviction from the apartment (Count II).[2]  The FHA makes it unlawful "to discriminate against any person in the terms

---

[2] Folse also brings a third count labeled "Injunctive Relief." (Doc. No. 5 at 4.)  But an injunction is a remedy, not a separate cause of action, so Folse's right to that relief rises or falls with Folse's FHA claims.

conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). The term "discrimination" includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *See id.* § 3604(f)(3)(b). A "reasonable accommodation . . . may include the use of an emotional support animal." *Revock v. Cowpet Bay W. Condo. Assoc.*, 853 F.3d 96, 110 (3d Cir. 2017).

GSA argues that Folse's FHA claims fail in their entirety because he "has not alleged facts establishing he is a lawful tenant." (Doc. No. 11-1 at 5.) But Folse does not have to show that he is a tenant to have standing to bring a discrimination claim under the FHA. *See* 42 U.S.C. § 3613(a)(1)(A) ("An *aggrieved person* may commence a civil action in an appropriate United States District Court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . ." (emphasis added)); *id.* § 3602(i)(1) (broadly defining "aggrieved person" to include "any person who . . . claims to have been injured by a discriminatory housing practice"); *Lane v. Cole*, 88 F. Supp. 2d 402, 406 (E.D. Pa. 2000) ("The court concludes that a visitor claiming a distinct and palpable injury as a result of a discriminatory housing practice has standing to sue.").[3]

---

[3] Folse correctly argues that the FHA does not include a "lawful tenant" requirement. (Doc. No. 17 at 7.) But in support of that argument, he incorrectly cites "*Shellhammer v. Lewallen*, 1 F.3d 1007, 1009–10 (10th Cir. 1993)" as standing for the proposition that the "FHA protects household members and guests, not just named lessees." (*Id.*) Folse's citation appears to confuse two cases, neither of which stands for the proposition cited by Folse. "*Shellhammer v. Lewallen*" is a Sixth Circuit case that involved FHA claims, but the court did not consider the need for a landlord-tenant relationship (it was undisputed that the plaintiffs in that case were tenants). *See generally Shellhammer v. Lewallen*, 770 F.2d 167 (6th Cir. 1985). And the case number given by Folse, "1 F.3d 1007 (10th Cir. 1993)" appears to reference a Tenth Circuit case that involved breach of contract claims, not FHA violations. *See generally Green Const. Co. v. Kan. Power & Light Co.* 1 F.3d 1005 (10th Cir. 1993). A later case cited by Folse in his brief similarly does not stand for the proposition cited. (*See* Doc. No. 17 at 12 (citing *Travelers Indem.*

In the alternative, GSA argues that Folse has failed to allege that he was discriminated against because of his disability. (Doc. No. 11-1 at 5–6.) Beginning with Count I, Folse claims GSA discriminated against him when it denied his application to keep Princess as an ESA. (Doc. No. 1 at 4.) GSA argues that this claim must be dismissed because Folse has "allege[d] no facts about the [ESA] documentation" that he allegedly submitted to GSA with his application. (Doc. No. 11-1 at 5.) This argument fails. Folse alleges that he has a disability, Autism Spectrum Disorder, for which he needs an ESA; that he requested permission to reside with Princess, who is his ESA; that he submitted "a letter from a medical professional" with his application; and that GSA denied his request. (Doc. No. 1 at 2–3.) These allegations are sufficient to place GSA on notice of the basis for Folse's discrimination claim in Count I, which is all that Rule 8 and *Iqbal/Twombly* require. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a plaintiff does not need to include "detailed factual allegations" to survive a Rule 12(b)(6) motion); *Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 620 (6th Cir. 2011) (outlining elements of FHA failure to accommodate claim); *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014) (same). Folse did not need to provide additional allegations about the "type of medical professional [that] provided the letter,

---

*Co. v. Dammann & Co*. 594 F.3d 238 (3d Cir. 2010) for the proposition that "Rule 12(e) 'is not a substitute for discovery.'").)

The Court is not blind to the fact that many pro se plaintiffs are relying on Artificial Intelligence ("AI") to draft court documents, including legal briefs. Those platforms will often "hallucinate" case names and holdings—sometimes creating entirely new cases and other times asserting that a certain case stands for an invented proposition. Whether Folse used AI or did not to write his brief, he is **sternly warned** that he **must** confirm the accuracy of the facts and law cited in any document that he files with the Court. Failure to do so in the future may result in sanctions, such as the Court striking the offending document. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law . . . ." (emphasis added)).

what the letter said, [and] whether it established a disability-related need for this specific animal." (Doc. No. 11-1 at 5.) Such issues may be explored through discovery, and if appropriate, at summary judgment.[4]

Turning to Count II, Folse claims GSA discriminated against him when it sought his eviction. (Doc. No. 1 at 4; *see also* Doc. No. 17 at 7 ("Count II of the Complaint essentially alleges that Defendant refused to rent to him because he is a handicapped individual with a support animal.").) GSA argues that Count II fails to state a cognizable claim because Folse's "allegations of discriminatory intent are purely speculative." (Doc. No. 11-1 at 5.) The Court agrees. Folse makes only the conclusory assertion that "Defendant would otherwise have continued to allow Folse to reside in the dwelling unit if he was not a handicapped person with a support animal." (Doc. No. 1 at 4.) Folse has not alleged any statements or actions by GSA that suggest it sought Folse's removal *because of* his disability. To the contrary, the only allegations on this issue suggest Folse was removed, not because of his disability, but because he was an "unauthorized occupant." (*Id.*); *see also Pedro v. Hilton Worldwide, Inc.*, No. 24cv5725, 2025 WL 220023, at *7 (E.D. Pa. Jan. 16, 2025) (dismissing retaliation claim because "[t]he factual allegations in the Complaint do not support an inference that Pedro and Fisher were discriminated against based on . . . Fisher's mental health conditions . . . . To the contrary, the facts as pled reflect that Hilton filed the ejectment case once it was apparent that Pedro and Fisher could no longer pay for their lodging"). And Folse has not, for example, alleged any facts to suggest that GSA allows unauthorized occupants who do not have disabilities to remain in

---

[4] Presumably GSA has a copy of Folse's animal application and the letter of medical need that he submitted with it. But even if it does not, it may request copies of the application and letter from Folse in discovery. Similarly, at that time, GSA may seek information about "whether Princess has ever bitten anyone or exhibited aggressive behavior," an issue of fact about which the parties seem to disagree. (Doc. No. 11-1 at 10.)

GSA-leased units.[5]  Accordingly, Folse has failed to state a claim for discrimination as to his removal, and the Court grants the motion to dismiss Count II.  *See, e.g.*, *Wilson v. Hillsborough Twp. Constr. Dep't*, 779 F. App'x 969, 972 (3d Cir. 2019) ("[E]ven if Wilson could bring a claim under the FHA for defendants' licensing, inspection, and tax assessment decisions, her vague, conclusory speculations that those decisions were made for a discriminatory reason are insufficient to state a claim under the FHA."); *cf. Hill v. Phila. Hous. Auth.*, No. 25cv3826, 2025 WL 2180522, at *3 (E.D. Pa. July 31, 2025) ("To the extent Hill alleges that she was discriminated against because of her race, she alleges this only in a conclusory fashion, because she does not provide any factual basis for inferring that the time or manner in which the PHA and/or HUD handled her complaints about the condition of the unit related in any way to her race.").  Folse will, however, be given an opportunity to file an amended complaint if he can, in good faith, allege *facts* to support his claim that GSA discriminated against him when it sought his removal.

In sum, the motion to dismiss is denied as to Count I and granted as to Count II, and Folse will be given leave to amend.

## III.    RULE 12(E) MOTION

To the extent either Count survived dismissal, GSA moved for a more definite statement under Federal Rule of Civil Procedure 12(e).  (Doc. No. 11-1 at 6–8.)  Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

---

[5] Folse argues that the "temporal proximity and stated grounds for eviction support a plausible inference of discrimination," noting that GSA "did not seek to evict Folse for being an 'unauthorized occupant' when he moved in on July 15, 2025." (Doc. No. 17 at 11.)  The Court does not agree that this delay on its own gives rise to a reasonable inference of discrimination.  Tellingly, Folse has not alleged that GSA knew that he moved into the apartment in July but only sought his removal after it learned about his disability.

response." Fed. R. Civ. P. 12(e).  "[A] motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail." *Frazier v. Se. Pa. Trans. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994) (citations omitted); *see also Stoneback v. ArtsQuest*, No. 12cv3286, 2012 WL 4963624, at *10 (E.D. Pa. Oct. 17, 2012).

GSA argues that clarification is needed here because Count I "is so vague and ambiguous regarding critical factual matters that Defendant cannot reasonably prepare responsive pleadings." (Doc. No. 11-1 at 7.)  GSA then essentially repeats its arguments for dismissal, asserting (1) that Folse's "legal status is fatally ambiguous" because he "provides no lease agreement, no allegation that Plaintiff is a signatory to any lease, and no facts establishing any landlord-tenant relationship," and (2) that the "ESA documentation and critical facts are insufficiently pled." (*Id.*)  Once again, these arguments fail.  Folse does not have to allege a landlord-tenant relationship to bring an FHA claim, and, at this stage, his allegations about his animal application and ESA documentation are sufficient to place GSA on notice of the nature of his claims and the facts giving rise to those claims.  *See supra* Part II.B.  Folse's "lack of detail" does not render the Complaint "unintelligible" or prevent GSA from responding.  *Frazier*, 868 F. Supp. at 763.  Accordingly, GSA's motion for more definite statement is denied.

## IV.    MOTION FOR SANCTIONS

Last, the Court considers Folse's motion for sanctions under Federal Rule of Civil Procedure 11.  Rule 11 states that by "presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law . . . ." Fed. R. Civ. P. 11(b)(2).  "If, after notice and reasonable opportunity to respond, the court determines that Rule 11(b) has been

8

violated, the court may impose an appropriate sanction . . . ."  Fed. R. Civ. P. 11(c)(1).  Folse argues sanctions are appropriate here because GSA's motion to dismiss "was brought for an improper purpose and the arguments contained within it and its accompanying memorandum of law have no legal merit."  (Doc. No. 18 at 2.)  He then largely repeats the arguments made in his opposition to the motion to dismiss.  (*Compare* Doc. No. 17, *with* Doc. No. 18.)  As the Court's discussion above shows, GSA's motion to dismiss is not frivolous.  The Court declines to read a nefarious purpose into counsels' decision to file a motion that was, at least in part, successful.  The motion for sanctions is denied.

## V.    CONCLUSION

For the reasons discussed above, GSA's motion is denied as to Count I and granted as to Count II.  Dismissal of Count II is with leave to amend.  Folse's motion for sanctions is denied.  An appropriate order follows.